UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CAROLINE D. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 10-20-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD SAELINGER, M.D., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Motions to Dismiss filed by Defendants Saint Elizabeth Medical Center, Inc. (SEMC), Patient First Physician Group (Patient First), and Physician Associates, LLC [Record No. 6] and Defendant Donald Saelinger, M.D. [Record No. 7].[1] The defendants seek dismissal of Count I of the Complaint filed by Plaintiff Caroline D. Stevens.[2] They further move the Court to deny Stevens' request for class certification regarding the claims in Count I. For the reasons explained below, the Court will grant the defendants' motions.

### I.  BACKGROUND

---

1   Defendant Saelinger filed a separate Motion to Dismiss adopting and joining in the motion and memorandum filed by his codefendants. [Record No. 7] He also adopted his co-defendants' reply. [Record No. 12]

2   The defendants initially sought dismissal of the entire Complaint. However, they have since withdrawn their motions as to Counts II-VI. [*See* Record No. 11, p. 1, n.1]

Stevens is a registered nurse who was previously employed by Patient First and SEMC. During her employment, she worked for Defendant Saelinger, both as a nurse and as his personal assistant. The bulk of the plaintiff's lengthy Complaint is devoted to details of Stevens' romantic relationship with Saelinger, which are not relevant for purposes of resolving the present motions. The remainder of the allegations pertain to the supposed monopoly held by Defendants SEMC, Patient First, and Physician Associates, LLC, in the Northern Kentucky healthcare market.[3] Paragraphs 6 through 28 and 130 through 134 of the Complaint are scattered with conclusory statements such as, "Defendants control and completely dominate a health care market by virtue of violations of the [Sherman Act, Clayton Act, and Federal Trade Commission Act]." [Record No. 1, p. 2 ¶ 7] In support of these assertions, Stevens cites three documents attached to the Complaint as exhibits.

The first exhibit, a January 2007 draft press release regarding the impending merger of Patient First and SEMC, is allegedly indicative of antitrust violations because it does not contain the word "competition." [*See* Record No. 1, p. 3 ¶ 12 (quoting Record No. 1-3)] Exhibit 2, a question-and-answer sheet concerning the merger, includes what Stevens believes to be "a clear admission of the anti-competitive purpose of the merger". As part of an explanation of how the community will benefit from the merger, the document states that, "[w]ith cooperation among providers rather than competition, unnecessary duplication of services can be reduced, while access to needed services can be expanded." [*Id.*, p. 4 ¶ 15 (quoting Record No. 1-4, p. 2)] Finally, Stevens finds ample "evidence of antitrust violations" in Exhibit 3, Saelinger's 2007

---

3   Although Count I refers broadly to "Defendants," Stevens has acknowledged that the allegations in that count do not relate to Saelinger. [*See* Record No. 21, p. 1 ¶ 4]

Annual Management Evaluation. [*See id.*, p. 5 ¶ 22; Record No. 1-5] Particularly ominous, according to Stevens, is a paragraph in which Saelinger bemoans the success of retail clinics and the defendants' difficulty in competing with such clinics. [*See* Record No. 1, p. 5 ¶ 25 (quoting Record No. 1-5, p. 4 ¶ 9)] Stevens' description of these documents is accompanied by running commentary as to what they *really* mean. [*See, e.g.*, *id.* ¶ 22 ("The separate boards is [sic] a farce. St. Elizabeth controls all.")]

In Count I, Stevens alleges that the defendants "have engaged in an ongoing price fixing conspiracy" in violation of § 1 of the Sherman Act. [Record No. 1, p. 21 ¶¶ 147-48] According to the Complaint, the defendants conspired to "limit[] healthcare services with the intent to raise and raising [sic] prices." [Record No. 1, p. 21 ¶ 147] As a result, Stevens alleges, she and other healthcare consumers in the Northern Kentucky region "have been and will be overcharged for healthcare services." [*Id.* ¶ 149] Stevens further asserts that, as a result of the defendants' alleged conspiracy, healthcare workers in the region "have two choices — work for St. Elizabeth or in Cincinnati." [Record No. 1, p. 22 ¶ 149]

The defendants attack Stevens' antitrust claims on a number of grounds but primarily argue that she does not have the requisite standing to pursue those claims. The Court need not reach the issue of antitrust standing, however, because Count I suffers from more fundamental flaws.

**II.    ANALYSIS**

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

*Twombly*, like the instant case, involved an antitrust claim under § 1 of the Sherman Act. *See id.* at 550. The *Twombly* Court recognized that, in such a case, "'the crucial question' is whether the challenged anticompetitive conduct 'stems from independent decision or from an agreement, tacit or express.'" *Id.* at 553 (quoting *Theatre Enters., Inc. v. Paramount Film Distrib. Corp.*, 346 U.S. 537, 540 (1954)). To state a claim, the Court held, a complaint that alleges a violation of § 1 must have "enough factual matter (taken as true) to suggest that an agreement was made." Under this standard, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id.* at 556.

As outlined above, Stevens accuses the defendants of engaging in a price-fixing conspiracy in violation of § 1 of the Sherman Act.[4] [Record No. 1, p. 21 ¶¶ 147-48] However, the Complaint contains no further mention of price-fixing, much less an agreement to fix prices. Stevens contends that her allegations of conspiracy "must be accepted as true, and construed

---

4   Section 1 of the Sherman Act prohibits "conspiracy[] in restraint of trade or commerce among the several states." 15 U.S.C. § 1.

liberally" in her favor. [Record No. 9, p. 2] But that rule applies to factual allegations, not bare conclusions. *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). As the Supreme Court made clear in *Twombly*, simply alleging the existence of a conspiracy is not enough to state a § 1 claim. *See* 550 U.S. at 556. Rather, the complaint must contain factual allegations from which the Court may plausibly infer an illegal agreement.[5] *Id.* Here, Stevens' Complaint is devoid of any allegations whatsoever that suggest the defendants had an agreement to fix healthcare prices.

In any event, Stevens' allegations of conspiracy are inconsistent with the rest of the Complaint. Stevens' antitrust claims rely on her assertion that the defendants are, for all intents and purposes, the same entity. [*See* Record No. 1, p. 2-6 ¶¶ 6-28] Yet the law is clear that a parent and its subsidiaries "are incapable, as a matter of law, of conspiracy." *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 435 (6th Cir. 2008) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984); *Guzowski v. Hartman*, 969 F.2d 211, 213-14 (6th Cir. 1992)). The same rule applies to sister companies. *See id.* (citing *Directory Sales Mgmt. Corp. v. Ohio Bell Tel. Co.*, 833 F.2d 606, 611 (6th Cir. 1987)). As the defendants put it, "SEMC cannot conspire with itself." [Record No. 6, p. 5-6] In response to this argument, Stevens protests that she "is not challenging the legality of the merger that created SEMC. . . . [but rather] the illegal conduct that the merger made possible." [Record No. 9, p. 7] That is precisely the point, however: Stevens alleges a horizontal price-fixing

---

5  The complaint in *Twombly* was found to be lacking because, *inter alia*, it did not specify any "time, place, or person involved in the alleged conspiracies." 550 U.S. at 565 n.10. Stevens' vague assertion that "Defendants have engaged in an ongoing price fixing conspiracy" plainly suffers from the same defects. [Record No. 1, p. 21 § 147]

conspiracy — *i.e.*, an agreement among competitors — but she complains of actions that took place *after* the merger, when SEMC and the other defendants were no longer competing. [*See id.*; Record No. 1, p. 21 § 147 (alleging an "*ongoing* price fixing conspiracy" (emphasis added))] Her allegations are thus in conflict and, as a result, she defeats her own claim. *Cf. NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 458 (6th Cir. 2007) (noting that "[n]othing prevents a plaintiff from pleading itself out of court").

The Court can likewise quickly dispose of Stevens' FTCA claims. It is well-established that the FTCA does not provide a private cause of action. *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) ("Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA." (citing cases from the Second, Fifth, Ninth, Tenth, and D.C. Circuits, as well as the Western District of Kentucky and Southern District of Ohio)); *see FTC v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988) ("USR may not, as a private party, invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act. Congress has clearly limited the invocation of jurisdiction under the FTC Act to the Commission itself."). Therefore, to the extent Count I asserts antitrust claims under the FTCA, those claims will be dismissed.

### III. CONCLUSION

Count I of Stevens' Complaint fails to state a plausible claim for relief. Moreover, because Stevens' antitrust claims are without merit, her request for class certification as to those claims will be denied. *See J&R Mktg. v. GMC*, 549 F.3d 384, 390 (6th Cir. 2008). Accordingly, it is hereby

**ORDERED** that the Motion and Memorandum to Dismiss Filed on Behalf of Patient First Physician Group, Physician Associates, LLC, and St. Elizabeth Medical Center, Inc. [Record No. 6] and the Motion to Dismiss Filed on Behalf of Donald Saelinger, M.D. [Record No. 7] are **GRANTED** insofar as the defendants seek dismissal of Count I of the Complaint and denial of class certification with respect to that count. To the extent the defendants seek dismissal of Counts II-VI, their motions are **DENIED** as moot.

This 2nd day of February, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge